1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margaret E. COX and husband, Bobby Cox, Plaintiffs-Appellees,
v.
WAL-MART STORES, INC., Defendant-Appellant.
 No. 92-5775.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1993.
 
 Before: NELSON and NORRIS, Circuit Judges; FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal is from a jury verdict returned for plaintiffs Margaret E. Cox and Bobby Cox, against defendant, Wal-Mart Stores, Inc., in their tort claim that was removed to the district court pursuant to its diversity jurisdiction. The case was tried before a magistrate judge with the consent of the parties. Mrs. Cox' claim arose out of an incident in defendant's store in Johnson City, Tennessee, when she was injured by jars of pickles falling from a display. Mr. Cox claimed damages for medical expenses he paid on behalf of his wife, as well as for loss of consortium. Controversy at trial centered around the extent of Mrs. Cox' injuries.
 
 
 2
 The court presented the jury with a verdict form that asked it to list the amount Margaret Cox was entitled to recover from defendant, and also the amount her husband, Bobby, was entitled to recover. The form was returned by the jury noting awards of $200,000 to Margaret Cox, and $215,000 to Bobby Cox. Attached to the form was a yellow stick-on Post-It type note which read:
 
 Bobby Cox
 
 3
 100,000 med.
 
 
 4
 k 115,000 deprivation
 
 
 5
 --------- consortium
 
 215,000
 
 6
 The handwriting on the note appears to be the same as that on the verdict form itself.
 
 
 7
 Defendant sought judgment notwithstanding the verdict or, in the alternative, a new trial or remittitur. The magistrate judge denied the motion with respect to the verdict in favor of Margaret Cox, but granted it with respect to "the $115,000 verdict in favor of Bobby Cox for loss of consortium to the extent that unless this plaintiff accepts a remittitur of $65,000.00 within ten days of the entry of this order, there shall be a new trial as to the amount of damages only," and also granted a new trial with respect to "the $100,000.00 verdict for past and future medical expenses in favor of plaintiff Bobby Cox with a new trial ordered as to the amount of damages only." We are advised that Bobby Cox accepted the remittitur.
 
 
 8
 On appeal, defendant asserts that the entire verdict is excessive and should be set aside as being against the weight of the evidence; that the trial judge erroneously divided the jury's verdict for Mr. Cox when he considered defendant's motion; that the jury was so influenced by passion, caprice, or prejudice that the magistrate judge was required to order a new trial on both liability and damages; and that the judge erroneously excluded proffered expert testimony.
 
 
 9
 As defendant has failed to demonstrate that the jury's finding of liability was the product of passion, caprice, or prejudice, we turn to the contention that the size of the awards of damages was against the weight of the evidence.
 
 
 10
 In ruling upon defendant's motions, the magistrate judge noted that the "trial was rife with factual disputes which the jurors obviously resolved in favor of the plaintiffs." He then listed the evidence which he believed supported Mrs. Cox' recovery and concluded that:
 
 
 11
 [T]he undersigned simply is not left with the definite and firm conviction that the jury has made a mistake. This verdict is perhaps more than the undersigned, or even another mix of jurors, would have awarded her. However, based upon the testimony of both plaintiffs and the three physicians, the undersigned cannot say that this jury's verdict as to Mrs. Cox is beyond all bounds of reasonableness. If a verdict is in "the maximum limit of a reasonable range," the undersigned cannot grant a new trial on the ground that the verdict may be more than he would have given.
 
 
 12
 Although Mrs. Cox' evidence was not especially persuasive, we are unable to say that the magistrate's assessment of the record was incorrect, since the amount of the verdict rendered for her was not manifestly against the weight of the evidence. Because we agree that one is not left with an abiding conviction that a mistake was made by the jury in awarding Mrs. Cox $200,000, we cannot say that the trial judge abused his discretion in declining to disturb the jury's award to her.
 
 
 13
 The magistrate judge observed that "in reality," the jury had brought in two verdicts for Mr. Cox:
 
 
 14
 [A] verdict that Bobby Cox's damages for loss of consortium, both past and future, amount to $115,000.00. Finally, there is a verdict that Bobby Cox's damages for his wife's medical expenses, both past and future, amount to $100,000.00. Mr. Cox's damages were differentiated in this manner by a note appended to the verdict form ... by the jury.
 
 
 15
 ....
 
 
 16
 ... In the opinion of the undersigned $115,000.00 is beyond the range of reasonableness for Mr. Cox's loss of consortium claim. It is further the opinion of the undersigned that the verdict of the jury as to this claim was based more on the severity of Mrs. Cox's condition than on direct proof of Mr. Cox's loss. Where there is "no direct evidence of the value of the loss of consortium and services claimed by [a spouse] and the verdict of the jury [is] based solely on inferences to be drawn from the facts in evidence concerning [the spouse's] injuries ...," then a remittitur is proper.... Therefore, the undersigned suggests to Mr. Cox that he accept a remittitur of his claim for loss of consortium from $115,000.00 to $50,000.00, or else a new trial will be ordered as to the question of damages only on this claim....
 
 
 17
 With respect to the verdict in favor of Mr. Cox for $100,000.00 for past and future medical expenses for his wife, the undersigned has thoroughly reviewed the evidence, including the bills admitted into evidence and the medical depositions. Quite simply, while there is, of course, evidence of past medical expenses, the evidence on future medical expenses is speculative and vague. In the opinion of the undersigned there is nothing in this record which would support a verdict of this size. The sum total of past medical expenses shown at trial, almost half of which arose out of the hospitalization immediately following the accident, was $8,355.38. In the opinion of the undersigned, the only fair course of action to take on this portion of the verdict is to order a new trial as to the past and future medical expenses paid or to be paid Mr. Cox on the issue of amount only.
 
 
 18
 (alterations in original) (citation omitted.)
 
 
 19
 We agree with the magistrate judge's assessment that the weight of the evidence does not support an award to Mr. Cox of the magnitude of $215,000. However, the trial judge should not have separated the jury's single award into two separate verdicts, on the basis of a note from the jury that may have revealed calculations it pursued during deliberations. Since the verdict form asked the jury to indicate a single amount that would compensate Mr. Cox on his claim, and the jury's award to him of $215,000 is against the weight of the evidence, the court's remedy should have been directed at that single award. The court could not grant defendant a new trial for part of the award, and a conditional new trial (remittitur) for the remainder.
 
 
 20
 Finally, we disagree with defendant's contention that the trial court erred in declining to admit Richard Kirk's testimony. We are unable to say that the court abused its discretion in concluding that Mr. Kirk, who held a Master's degree in social work, did not possess the knowledge, skill, experience, training, or education to offer expert testimony as to Mrs. Cox' psychological make-up. Fed.R.Evid. 702.
 
 
 21
 Accordingly, since we are not persuaded that defendant has demonstrated error in the jury's findings of liability and that Margaret Cox is entitled to recover damages of $200,000 from defendant, we affirm the judgment in her favor in the amount of $200,000. Furthermore, because we agree that the jury's award to Bobby Cox of $215,000 was excessive, as being against the weight of the evidence, but find that the award ought not to have been reviewed piecemeal by the district court, Mr. Cox' cause is remanded to the district court for further proceedings concerning the amount of damages to which he is entitled both for loss of consortium and for his wife's medical expenses.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation